IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**BRYAN KERR DICKSON,**

    **Plaintiff,**

v.                                                                                                      **Civil Action No. 3:16cv82**
                                                                                                       **(GROH)**

**UNITED STATES OF AMERICA;
JEFF SESSION; LORETTA LYNN;
ERIC HOLDER; CHARLES M.
SAMMUELS,[1] JR.; THE DESIGNATION
CENTER AND COMPUTATION
CENTER ("DSCC"); C. EICHENLAUB;
MATTHEW W. MELLADY; ZACHARY
KETTON; TERRY O'BRIEN; JOHN
GILLEY; FEDERAL AGENT/
CORRECTIONAL OFFICER MCGREGG;
FEDERAL AGENT/CORRECTIONAL
AGENT ALLISON; FEDERAL AGENT/
CORRECTIONAL AGENT BRADY;
FEDERAL AGENT/CORRECTIONAL
AGENT JOE DOE 1; M. WIENER; and
LOTSPEICH,**

    **Defendants.**

**REPORT AND RECOMMENDATION THAT
ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS BE
VACATED AND THAT COMPLAINT BE DISMISSED WITHOUT PREJUDICE**

On June 20, 2016, the *pro se* Plaintiff, an inmate at FCI Marianna in Marianna, Florida, initiated this action against by filing a court-approved form Federal Tort Claim Act ("FTCA") complaint naming only the United States as a Defendant, and attaching a memorandum in support that indicated that the complaint was a combined FTCA and Bivens civil rights action. ECF No. 1. Plaintiff also filed a motion for leave to file excess pages; a motion to proceed *in forma pauperis* ("IFP"); a Consent to Collection of Fees from Trust Account; and a motion to

---

[1] The correct spelling of this Defendant's name is Charles E. Samuels, Jr. The Clerk will be directed to correct the spelling of defendant Samuels' name on the docket.

appoint counsel. ECF Nos. 2, 3, 4 & 7.  The Clerk of Court issued a Notice of Deficient Pleading. ECF No. 6. On July 25, 2016, Plaintiff filed a copy of his Prisoner Trust Account Report and some exhibits to his complaint. ECF No. 9 & 10. By separate orders entered on August 29, 2016, Plaintiff's motion for appointed counsel was denied; his motion to exceed the page limit was granted; and he was granted permission to proceed as a pauper and directed to pay an initial partial filing fee ("IPFF"). ECF Nos. 11, 12 & 13. On September 15, 2016, Plaintiff filed another motion for appointed counsel.  ECF No. 15. By Order entered September 21, 2016, Plaintiff's second motion for appointed counsel was denied. ECF No. 16. Plaintiff paid his IPFF on October 3, 2016. ECF No. 18.

On December 19, 2016, Plaintiff filed a Motion for Summary Judgment. ECF No. 22.

On December 21, 2016, a review of the record revealed that Plaintiff had not named any Bivens defendants. Accordingly, by Order entered the same day, the Clerk of Court was directed to send Plaintiff a copy of a court-approved form Bivens complaint to complete.  On January 23, 2017, Plaintiff filed his court-approved form Bivens complaint adding sixteen defendants and filed another motion to proceed IFP; another Consent to Collection of Fees from Trust Account; and another copy of his PTAR. ECF Nos. 25, 26, 27, & 28.

In his FTCA complaint, the Plaintiff contends that while *en route* to or while incarcerated at USP Hazelton in Bruceton Mills, West Virginia, the Defendant violated his civil rights, including his First, Eighth, and Fourteenth Amendment rights, by committing acts of negligence; committing  assault and battery; subjecting him to excessive force, false arrest, abuse of process, intentional infliction of emotional distress, false imprisonment, and failing to protect him  from inmates who are or should be his separatees. Further, he raises conditions of confinement claims; alleges that the Defendant fails to follow its own policies; and that the Defendant failed to

intervene with his cellie took his medications. He also alleges that the Defendant is deliberately indifferent to his medical and dental needs. Finally, he alleges that the correctional officers harass him constantly; he is exposed to constant assaults and death threats, and the Defendant does not respond to his grievances.

As relief, Plaintiff seeks $6,000,000.00 in damages.

In his Bivens complaint, the Plaintiff raises the same claims, now against sixteen named Bureau of Prisons entities and/or employees.

As relief, Plaintiff requests injunctive relief in the form of placement in a safe environment to do his time without fear for his life; an appointment with an outside dentist to receive dentures; an appointment with an outside orthopedist to obtain a double knee replacement at the Defendants' expense; and release from prison. Further, he requests $6,000,000.00 in damages.

Nonetheless, despite Plaintiff having complied with the deficiency notice and having already been granted leave to proceed as a pauper, the Plaintiff is not entitled to proceed *in forma pauperis* under 28 U.S.C. §1915(g).

Under what is commonly known as the "Three Strikes Rule," the PLRA has restricted when a complaint may be filed without prepayment of fees. Specifically, 28 U.S.C. §1915(g) provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. §1915(g)

"[Section] 1915(g) should be used to deny a prisoner's IFP status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005). "In some instances, the district court docket records may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike." Id. at 1120.

A PACER search reveals that Plaintiff has filed at least three or more civil actions which were dismissed as frivolous and/or for failure to state a claim upon which relief can be granted.[2] Consequently, Dickson is listed on the National *Pro Se* Three-Strikes Database as an abusive filer.

As set forth above, the Plaintiff has filed at least three civil actions which were dismissed on the grounds of being frivolous, malicious, or failing to state a claim upon which relief may be granted. Therefore, based on the strikes the Plaintiff has accumulated, he may not file another complaint without prepayment of fees unless he is in "imminent danger of serious physical injury."

---

[2] Dickson v. Warden of the Federal Transfer Center, a Bivens action filed in the Western District of Oklahoma as Case No. 5:12cv384-C, was dismissed May 15, 2012, for failure to state a claim, pursuant to 28 U.S.C. § 1915A(b) and 1915(e)(2)(B); and Dickson v. Sammuels et al., a FTCA action also filed in the Western District of Oklahoma as Case No. 5:14cv1108-C, was dismissed on April 7, 2015 (after entry of a March 10, 2015 order directing that the case be dismissed pursuant to 28 U.S.C. § 1915(g) within 20 days if Dickson did not pay his filing fee in full). Dickson's motion to proceed as a pauper had only tentatively been granted, because he had previously filed other lawsuits which had been dismissed. Because those actions were sealed, the magistrate judge directed Dickson to provide information enabling it to determine if three strikes had been assessed pursuant to 28 U.S.C. § 1915(g), permitting his IFP status to be revoked. After Dickson missed the deadline for the initial payment and failed to provide information regarding his previous litigation, a Report and Recommendation ("R&R") was issued, recommending dismissal. In the order adopting the R&R, the court noted that "in his Objection [to the magistrate judge's R&R], Plaintiff concedes that he is subject to the three strikes rule[.]" (W.D. Okla. ECF No. 20 at 2) (5:14cv1108-C ). Finally, Dickson v. United States of America et al., a FTCA action filed in the District of Arizona as Case No. 4:14cv2444, was dismissed on November 13, 2015 pursuant to 28 U.S.C. § 1915(g): noting that "Plaintiff does not dispute that, in Dickson v. Sammuels . . . he conceded that he was subject to the three strikes rule after Magistrate Judge . . . Goodwin directed Plaintiff to provide information regarding other lawsuits that had been previously filed and dismissed in other federal courts because some of the cases were sealed." (D. Ariz. ECF No. 38 at 3) (4:14cv2444).

Plaintiff alleges that on May 27, 2014, the defendant BOP "knowingly" transferred him from USP McCreary to USP Hazelton, knowing that assault and battery would occur [ECF No. 1-1 at 7 - 8 and ECF No. 25-1 at 5 - 6] and that he was assaulted repeatedly by several prisoners during this transfer and the "3 federal agents/correctional officers did nothing" to stop the assaults. ECF No. 1-1 at 7 and ECF No. 25-1 at 6. Upon arrival at USP Hazelton, he requested protective custody because of all of the assaults/batteries, verbal and written death threats (related to the charges for which he was convicted) and his past experience with prisoners who were aware of those charges. Id. and Id. Beginning on May 28, 2014, and continuing through the duration of his (unspecified) stay in a USP Hazelton Special Housing Unit ("SHU") holding cell, Plaintiff contends he was constantly harassed and assaulted by 4 "federal agents/correctional officers." ECF No. 1-1 at 7; ECF No. 25-1 at 6. Plaintiff also raises claims of excessive force [ECF No. 1-1 at 5; ECF No. 25-1 at 4] and failure to protect from inmates who are or should be his separatees. ECF No. 1-1 at 7 – 8 & 10; ECF No. 25-1 at 6 & 9.

To the extent that Plaintiff alleges that the BOP deliberately transferred him to USP Hazelton, a facility where they knew with certainty he would be assaulted, and he was allegedly subjected to assault, battery, harassment, verbal and written death threats, and/or or was subjected to excessive force and failure to protect, either while in transit to, or incarcerated at USP Hazelton, Plaintiff fails to state a claim which would suggest that he is in imminent danger.

To meet the "imminent danger" requirement, the "threat or prison condition [must be] real and proximate," Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003) (quoting Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002)), and the allegations must be "specific or credible." Kinnell v. Graves, 265 F.3d 1125, 1128 (10th Cir. 2001). "[T]he exception applies if the complaint makes a plausible allegation that the prisoner faced 'imminent danger of serious

physical injury' at the time of filing." Andrews v. Cervantes, 493 F.3d 1047, 1055 (9th Cir. 2007); see also Stine v. U.S. Federal Bureau of Prisons, 465 F.App'x 790, 793 (10th Cir. 2012) ("'[a]llegations of past harm do not suffice; the harm must be imminent or occurring at the time the complaint is filed.'") (quoting Ciarpaglini v. Saini, 352 F.3d at 330. Moreover, although a court considering a motion to proceed *in forma pauperis* "should not attempt to evaluate the seriousness of a plaintiff's claims . . . it has never been the rule that courts must blindly accept a prisoner's allegations of imminent danger." Taylor v. Watkins, 623 F.3d 483, 485 (7th Cir. 2010).

"[T]he availability of the [imminent danger] exception turns on the conditions a prisoner faced at the time the complaint was filed, not some earlier or later time." Andrews, 493 F.3d at 1053. Claims concerning an "imminent danger of serious physical injury" cannot be triggered solely by complaints of past abuse. See Ashley v. Dilworth, 147 F.3d 715, 717 (8th Cir. 1998); Luedtke v. Bertrand, 32 F. Supp. 2d 1074, 1077 (E.D. Wis. 1999).

Plaintiff's allegations in his FTCA and/or his Bivens complaint do not suggest that he is in *imminent* danger of serious physical injury. Plaintiff's claims in both complaints appear to allege insults and/or injuries that occurred when he was being transported to, or incarcerated at USP Hazelton. By the time Plaintiff filed his complaint, he had already been transferred away from USP Hazelton to FCI Marianna, thus, he cannot have been said to have been in imminent danger at the time he filed this case. Further, none of Plaintiff's other claims of deliberate indifference to medical or dental needs; false arrest; abuse of process; intentional infliction of emotional distress; conditions of confinement, or false imprisonment rise to the level of stating a claim of imminent danger of serious physical injury.

At the time Plaintiff's motion to proceed *in forma pauperis* was granted, the Court was not aware that at least three of Plaintiff's prior lawsuits qualified as "strikes" under § 1915(g), thus, on August 29, 2016, the Court granted Plaintiff's IFP motion. Therefore, the Court will vacate its August 29, 2016 Order to the Warden of the FCI Marianna and direct that any amounts deducted from Plaintiff's inmate trust account by the Warden, or his/her designee, in connection with this case be returned to Plaintiff's inmate trust account. The Court will order that any further payment received by the Clerk of Court for the filing fee in this case be returned to the prison to be restored to Plaintiff's inmate trust account. Further, the Court will revoke Plaintiff's *in forma pauperis* status and will dismiss Plaintiff's FTCA and Bivens complaints and this action, without prejudice, pursuant to § 1915(g). If Plaintiff wishes to reassert these claims in the future, he must **prepay** the **entire** $400.00 filing fee when he files his action.

For the reasons stated above, it is hereby **RECOMMENDED** that the Order granting Plaintiff's Motion for Leave to Proceed *in forma pauperis* [Dkt.# 13] be **VACATED** and that any amounts already deducted from Plaintiff's inmate trust account by the Warden or his designee in connection with this case be returned to Plaintiff's inmate trust account. Any further payment received by the Clerk of Court for the filing fee in this case shall likewise be returned to the prison to be restored to Plaintiff's inmate trust account.

Further, the undersigned **RECOMMENDS** that Plaintiff's Complaints [ECF Nos. 1 & 25] be **DENIED** and **DISMISSED without prejudice**, pursuant to 28 U.S.C. §§1915(g) and Dupree v. Palmer, 284 F. 3d 1234, 1236 (11th Cir. 2002)("The proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of §1915(g). The prisoner cannot simply

pay the filing fee after being denied *in forma pauperis* status. [S]he must pay the filing fee at the time [s]he initiates the suit.").

Finally, the undersigned recommends that the Plaintiff's pending Motion for Summary Judgment [ECF No. 22] and his second motion to proceed IFP [ECF No. 26] both be **DENIED as moot**.

**Within fourteen (14) days** after being served with a copy of this Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections should also be submitted to the United States District Judge. **Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of Court is **DIRECTED** to correct the spelling of Defendant Charles M. Sammuels, Jr.'s name on the docket to "Charles E. Samuels, Jr."

The Clerk is further directed to send a copy of this Report and Recommendation to the *pro se* Plaintiff by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: February 15, 2017

/s/   James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE