UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

BRYAN KERR DICKSON,

      **Plaintiff,**

**v.**                                                      **Civil Action No. 3:16-CV-82
(GROH)**

JEFF SESSIONS, LORETTA LYNN,
ERIC HOLDER, CHARLES E. SAMUELS, Jr.,
THE DESIGNATION CENTER AND COMPUTATION
CENTER, C. EICHENLAUB, MATTHEW W. MELLADY,
ZACHARY KETTON, TERRY O'BRIEN, JOHN
GILLEY, FEDERAL AGENT/CORRECTIONAL
OFFICER McGREGG, FEDERAL AGENT/
CORRECTIONAL AGENT ALLISON, FEDERAL
AGENT/CORRECTIONAL AGENT BRADY, FEDERAL
AGENT/CORRECTIONAL AGENT JOE DOE 1,
M. WEINER, LOTSPEICH,

      **Defendants.**

## REPORT AND RECOMMENDATION

### I.    INTRODUCTION

This action was initiated on June 20, 2016, by the *pro se* Plaintiff, who was previously[1] a federal prisoner who was incarcerated at USP Hazelton, in Bruceton Mills, West Virginia, for 35 days from May 28, 2014, through July 1, 2014. ECF Nos. 1, 101-4 at 2. Plaintiff initially filed his complaint as an action under the Federal Tort Claims Act ("FTCA"). ECF No. 1. Therein he claimed he had numerous complaints against federal

---

[1] Plaintiff's current address listed on the docket is at Mariana FCI in Mariana, Florida. However, according to the Bureau of Prisons' Inmate Locator system, Plaintiff is currently incarcerated at Yazoo City USP in Yazoo City, Mississippi. https://www.bop.gov/inmateloc/

agents and correctional officers and that he was denied medical and dental treatment and was exposed to other inmates who assaulted him or threatened to assault him, while correctional staff failed to protect him.  Id.  Plaintiff sought $6,000,000.00 in damages.  Id. at 11.  On December 21, 2016, the Court entered an order directing the Clerk to provide plaintiff with a copy of a court-approved Bivens[2] form complaint and directing Plaintiff to complete and file the same.  Plaintiff refiled his complaint on the Court-approved form for a Bivens complaint on January 23, 2017, along with a 11-page handwritten "Attached Complaint" which contains specific allegations against various defendants and entities. ECF Nos. 25, 25-1.  The claims contained therein are described more fully in section II.B. below.

　　　This matter is pending before the undersigned for a Report and Recommendation pursuant to LR PL P 2 and 28 U.S.C. § 1915A.


## II.  FACTUAL AND PROCEDURAL HISTORY

### A.  Underlying Criminal Conviction.

　　　On June 8, 2009, Plaintiff was convicted following a bench trial in the Northern District of Texas, Fort Worth Division, case number 4:09-CR-40, of possession of child pornography, as charged in Count 1 of the superseding indictment, and production of child pornography, as charged in Count 2 of the superseding indictment.  U.S.C.A. 5th Cir. 09-11071, Document No. 0051951190 at 7[3], ECF No. 41.  On October 23, 2009,

---

　　　[2] Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

　　　[3] Although the docket for the underlying case, N.D.Tx. 4:09-CR-40, is not viewable on PACER, the full docket for that case, including ECF docket numbers, is available in U.S.C.A. 5th Cir., docket number 09-11071, Document 0051951190.

Plaintiff was sentenced to 240 months of imprisonment for possession of child pornography, and to 600 months of imprisonment for production of child pornography, with those sentences to be served consecutively to one another, for a total term of 840 months of imprisonment.  Id. at 8, ECF No. 46.  The United States Court of Appeals for the Fifth Circuit affirmed Plaintiff's conviction on January 27, 2011.  U.S.C.A. 5th Cir. 09-11071, Document No. 00511362878.  The United States Supreme Court denied certiorari on May 31, 2011, in that Court's docket number 10-10278.  U.S.C.A. 5th Cir. 09-11071, Document No. 00511497095.

**B.    Instant Bivens Action, 3:16-CV-82.**

**1.    The allegations in the complaint.**

As noted above, Plaintiff initiated this action on June 20, 2016, but on January 23, 2017, filed a complaint pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), asserting various claims related to his transfer from incarceration at USP McCreary to USP Hazelton, and subsequent exposure to various threatened and actual harms perpetrated against him while incarcerated[4] at Hazelton.  ECF Nos. 25, 25-1.  Plaintiff named fifteen individuals and one agency as Defendants in his Bivens action[5].  Plaintiff claims he suffered "mental distress, [and] injury to [his] body".  ECF No. 25 at 20.  Plaintiff does not list any specific physical injury which he suffered as a result of his treatment by federal agents at Hazelton.  In Section V, Claim

---

[4]  The Court notes that due to the nature of his charges, Plaintiff was placed in protective custody at USP Hazelton.

[5]  The Court notes that Plaintiff named the United States of America as a Defendant in the FTCA complaint [ECF No. 1] which initiated this action, but did not name the United States of America as a Defendant in the refiled Court-approved Bivens complaint [ECF No. 25] or "Attached Complaint" [ECF No. 25-1], which this Court now considers.

1 section of the Court-approved form, Plaintiff does not articulate any specific act by any federal agent or actor, but instead states:

> Violating of Plaintiff(s) [sic] Civil Rights, Constitutional Rights, Amendment Righ[t] Violation of The Federal Bureau of Prisoner Statements, Federal Bureau of Prison Policy Code of Federal Regulation, Oath of Public Office
>
> See Attached Complaint

ECF No. 25 at 18.  In Section VII of the Court-approved form which asks the Plaintiff to "state BRIEFLY and EXACTLY what you want the Court to do for you. . ." Plaintiff wrote, "See Attached Complaint".  Id. at 20.  The "Attached Complaint" [ECF No. 25-1] is an 11-page handwritten document with an additional 17 pages of attachments [ECF Nos. 25-2 through 25-10].  Although the "Attached Complaint" does not comport with the requirements of the Local Rules of Prisoner Litigation Procedure, nonetheless, the Court has reviewed and considered the same.

The "Attached Complaint" purports to be a claim under both the Federal Tort Claim Act and "Bivens act".  ECF No. 25-1 at 2.  Plaintiff claims that he is entitled to $6,000,000.00 in damages pursuant to Bivens based on the following[6] allegations: (1) "USA as Designation Center" designated him to USP Hazelton "knowing" he should be in

---

[6] Although Plaintiff asserts eight other acts of other wrongdoing, Plaintiff does not identify any individual whom he alleges committed any specific acts or omissions in this regard, and accordingly, the Court does not address such claims.  Those claims include: (1) the United States improperly transferred him to USP Hazelton "knowing a[n] assault and battery would occur." [Id. at 5 – 6, ¶ 23]; (2) Plaintiff was never provided with a detention order after he was, at his own request, placed in protective custody in the Special Housing Unit ("SHU") [ECF No. 25-1 at 7, ¶ 29]; (3) the BOP restricted his access to the law library while he was in the SHU [Id. at 7 – 8, ¶ 32]; (4) Plaintiff was not seen by a doctor for an initial physical examination [Id. at 8, ¶ 34]; (5) Plaintiff "was forced to sleep on a paper thin mattress on the top bunk [despite having] a bottom bunk profile" [Id. at ¶ 35]; (6) Plaintiff claims his prescription medication was stolen and consumed by his cellmate [Id. at ¶ 36]; (7) Plaintiff did not receive a response to his BP-8 Informal Resolution filed concerning harassment by federal agents or correctional officers [Id. at 9, ¶ 38]; and (8) Plaintiff did not receive a response to his BP-9 Sensitive Administrative Remedy prepared June 19, 2014, concerning Plaintiff's unidentified "injury" [Id. at  ¶ 40].

a separate facility [Id. at 6, ¶ 24]; (2) three unnamed federal agents or correctional officers failed on May 27, 2014, to stop assaults which Plaintiff alleges occurred while he was being transferred to USP Hazelton [Id. at ¶ 25]; (3) on May 28, 2014, Plaintiff was "constantly harass[ed] and assaulted by four[7] federal agents/correctional officers McGregg, Allison, Brady" [Id. at ¶ 27]; (4) on May 28, 2014, the same four federal agents or correctional officers took and destroyed Plaintiff's personal and court contact information [Id. at 6 – 7, ¶ 28]; (5) on May 28, 2014, while Plaintiff was escorted to his Special Housing Unit ("SHU") cell he received "several death threats (assaults) from other prisoners" which unidentified federal agents or correctional officers did not prevent [Id. at 7, ¶ 30]; (6) on May 28, 2014, Plaintiff was placed in a cell in the SHU with another prisoner with a history of "battering and assaulting 4 other prisoners with the same charges" as Plaintiff, and that the BOP "kn[e]w of the assaults by this prisoner" [Id. at ¶ 31]; (7) on June 2, 2014, Plaintiff was "forced" to a recreation cage due to the actions of unidentified federal agents or correctional officers [Id. at 8, ¶ 33]; (8) that Dr. Brown and other federal agents or correctional officers failed to prevent other inmates from making physical threats to Plaintiff [Id. at 9, ¶ 37]; (9) the United States permitted and failed to prevent Plaintiff's cell mate from assaulting and battering Plaintiff [Id. at ¶ 39]; (10) the BOP refuses to facilitate double knee replacement surgery, which Plaintiff claims six institutional doctors have recommended as necessary [Id. at 9 – 10, ¶ 41]; and (11) the BOP and USP Victorville lost Plaintiff's dentures, resulting in difficulty eating [Id. at 10, ¶ 42].  These claims may generally be grouped into three categories: failure to protect the

---

[7] Although Plaintiff claims four federal agents or correctional officers violated his civil rights, he lists only three individuals in this claim.

prisoner, denial of access to the courts, and deliberate indifference to serious medical needs.

## 2.    Procedural history of the instant action.

On February 5, 2017, the presiding United States Magistrate Judge filed a Report and Recommendation which recommended that Plaintiff's complaints be denied and dismissed because the Prison Litigation Reform Act ("PLRA") precluded the action from proceeding because Plaintiff had "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," in violation of 28 U.S.C. § 1915(g).  ECF No. 30.  By Order entered March 21, 2017, the District Court adopted the Report and Recommendation. ECF No. 33.

Plaintiff appealed the District Court's order to the United States Court of Appeals for the Fourth Circuit, which by Order entered October 2, 2017, found that although Plaintiff had filed more than three actions or claims in courts of the United States, it was "unable to identify three dismissals that qualify as strikes."  ECF No. 47 at 2.  Thereafter, on October 25, 2017, the District Court entered an order [ECF No. 52] which vacated its prior order [ECF No. 33] that adopted the Report and Recommendation.  The District Court further remanded the matter to the Magistrate Judge for proceedings consistent with the Fourth Circuit order.  ECF No. 52.  On February 9, 2018, the Fourth Circuit issued an unpublished per curiam opinion which confirmed the rulings in its October 2, 2017 order.  ECF No. 57.  The Fourth Circuit further found that because Plaintiff's case was on

appeal at the time the District Court entered its October 25, 2017 order, the District Court lacked jurisdiction to issue the same.  ECF No. 56 at 4.  Thereafter, by order entered April 9, 2018, the District Court vacated its Order Adopting Report and Recommendation [ECF No. 33] and remanded the matter to the Magistrate Judge. ECF No. 62.

### 3.    Pending motions in instant <u>Bivens</u> action.

On August 27, 2018, Defendants filed a "Motion to Dismiss or, in the Alternative, for Summary Judgment".  ECF No. 101.  Following issuance of an August 28, 2018, <u>Roseboro</u> notice [ECF No. 103], on September 10, 2018, Plaintiff filed a 19-page "Second Motion for Summary Judgment" [ECF No. 106] and a "Motion for Default Judgment" [ECF No. 107].  On September 26, 2018, Plaintiff filed a "Motion for Default Judgment".  ECF No. 110.  On October 9, 2018, Plaintiff filed a "Motion for Summary Judg[ment], or, in the Alternative Motion to Dismiss".  ECF No. 112.  On October 30, 2018, Plaintiff filed a motion styled, "Emergency Refund of Ex[c]essive Filing Fees".  ECF No. 117.

### 4.    Instant <u>Bivens</u> action is ripe for consideration by this Court.

On October 30, 2018, Plaintiff filed a motion for an extension of time to file a response or reply to Defendants' motion to dismiss or for summary judgment.  ECF No. 115.  By Order entered October 31, 2018, the Court granted Plaintiff 30 additional days to respond following receipt of the Order.  ECF No. 118.   Service of the Order was accepted on November 5, 2018. ECF No. 119.  Plaintiff had until December 5, 2018, to respond to the motion for dismiss or for summary judgment.  As of the filing of this Report and Recommendation, Plaintiff has failed to respond or file any further pleadings.

The case is ripe for review and is now reconsidered, consistent with the ruling of the Fourth Circuit Court of Appeals.

7

III.    LEGAL STANDARD

A.    Pro Se Litigants

Because Petitioner is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious.  Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

Courts must read *pro se* allegations in a liberal fashion.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, a complaint is frivolous if it is without arguable merit either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute).  The Supreme Court in Neitzke recognized that:

> Section 1915(d)[8] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. Examples of the former class are claims

---

[8]  The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

> against which it is clear that the defendants are immune from
> suit. . .

490 U.S. at 327.

## B.  Civil Rights Actions Under <u>Bivens</u>.

In <u>Bivens</u>, <u>supra</u>, the Supreme Court recognized that claimants may assert a cause of action for damages caused by federal agents.  In <u>FDIC v. Meyer</u>, 510 U.S. 471, 484 - 86 (1994), the Court held that federal agencies may not be held liable in a <u>Bivens</u> claim, writing, "*Bivens* from its inception has been based . . . on the deterrence of individual officers who commit unconstitutional acts."  <u>Id.</u>  <u>See</u> <u>Correctional Services Corp. v. Malesko</u>, 534 U.S. 61, 71 (2001).

"Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 676 (2009).  "Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  <u>Id.</u>  "A *Bivens* claim is brought against the individual official for his or her own acts, not the acts of others."  Ziglar v. Abassi, __ U.S. __, 137 S.Ct. 1843, 1860 (2017).

In <u>Shaw v. Stroud</u>, 13 F.3d 791, 799 (4th Cir. 1994) (citations omitted), the Fourth Circuit:

> set forth three elements necessary to establish supervisory
> liability under § 1983: (1) that the supervisor had actual or
> constructive knowledge that his subordinate was engaged in
> conduct that posed "a pervasive and unreasonable risk" of
> constitutional injury to citizens like the plaintiff; (2) that the
> supervisor's response to that knowledge was so inadequate
> as to show "deliberate indifference to or tacit authorization of
> the alleged offensive practices,"; and (3) that there was an
> "affirmative causal link" between the supervisor's inaction and

the particular constitutional injury suffered by the plaintiff. The Court further explained that, "[t]o satisfy the requirements of the first element, a plaintiff must show the following: (1) the supervisor's knowledge of (2) conduct engaged in by a subordinate (3) where the conduct poses a pervasive and unreasonable risk of constitutional injury to the plaintiff." Shaw, supra, citing Slakan v. Porter, 737 F.2d 368 (4th Cir. 1984).

"A plaintiff may establish deliberate indifference by demonstrating a supervisor's "continued inaction in the face of documented widespread abuses"; however, a plaintiff claiming deliberate indifference "assumes a heavy burden of proof." Shaw, 13 F.3d at 799. "Causation is established when the plaintiff demonstrates an "affirmative causal link" between the supervisor's inaction and the harm suffered by the plaintiff." Id.

### C.    Improperly Named Defendants

Pursuant to Bivens, a federal agent may be found liable for actions "in excess of the authority delegated to him." 403 U.S. at 397. "The purpose of *Bivens* is to deter individual federal officers from committing constitutional violations." Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 70 (2001). The Supreme Court further explained in Malesko:

> If a federal prisoner in a BOP facility alleges a constitutional deprivation, he may bring a *Bivens* claim against the offending individual officer, subject to the defense of qualified immunity. The prisoner may not bring a *Bivens* claim against the officer's employer, the United States, or the BOP. With respect to the alleged constitutional deprivation, his only remedy lies against the individual.

534 U.S. at 72. Further, in a Bivens case, the Plaintiff must specify the acts taken by each defendant which violate his Constitutional rights. Wright v. Smith, 21 F.3d 496, 501 (2nd Cir. 1994); See Colburn v. Upper Darby Township, 838 F.2d 663, 666 (3rd Cir. 1988)

("section 1983 claims[9] [have] the additional pleading requirement that the 'complaint contain a modicum of factual specificity identifying the particular conduct of defendants that is alleged to have harmed the plaintiffs'").

### D.   Motions to Dismiss

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a case when a complaint fails to state a claim upon which relief can be granted.  The Federal Rules of Civil Procedure require only, "'a short and plain statement of the claim  showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited, "the accepted rule that  a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that  the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley, 355 U.S. at 45-46.

Plaintiff is proceeding pro se and therefore the Court must liberally construe his pleadings. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 - 1 (1972) (per curiam); Erickson v. Pardus, 551 U.S. 89, 94 (2007).  Although a complaint need not contain detailed factual allegations, a plaintiff's obligation in pleading, "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do...." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Accordingly, "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face."  Id. at 555, 570.  In Twombly, the

---

[9]  The Court notes that Bivens actions and § 1983 actions are both civil rights actions, and that Bivens actions regarding deprivation of civil rights are the federal counterpart to state actions authorized by 42 U.S.C. § 1983.

Supreme Court found that, "because the plaintiffs [ ] have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id. at 570. Thus, to survive a motion to dismiss, a plaintiff must state a plausible claim in his complaint which is based on cognizable legal authority and includes more than conclusory or speculative factual allegations.

"[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," because courts are not bound to accept as true a legal conclusion couched as a factual allegation. Id. at 678. "[D]etermining whether a complaint states a plausible claim . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679. Thus, a well-pleaded complaint  must offer more than, "a sheer possibility that a defendant has acted unlawfully," in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id. at 678.

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly,  it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of North Carolina v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)).  In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff.  Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952.

### E.      Motions for Summary Judgment

Pursuant to Federal Rule of Civil Procedure 56(a), the Court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  In applying the standard for summary judgment, the Court must review all the evidence in the light most favorable to the nonmoving party.  Celotex Corp. v. Catrett, 477 U.S. 317, 322–23 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In Celotex, the Supreme Court held that the moving party bears the initial burden of informing the Court of the basis for the motion to, "demonstrate the absence of a genuine issue of material fact." Celotex, 477 U.S. at 323. Once "the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to material facts."  Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

"The movant has the burden of showing that there is no genuine issue of fact, but the plaintiff is not thereby relieved of his own burden of producing in turn evidence that would support a verdict."  Anderson, supra, at 256. Thus, the nonmoving party must present specific facts showing the existence of a genuine issue for trial, meaning that "a party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [the] pleading, but must set forth specific facts showing that there is a genuine issue for trial."  Id.  The "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary judgment. Id. at 248.

13

To withstand such a motion, the nonmoving party must offer evidence from which a "fair-minded jury could return a verdict for the [party]." Id.   "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987).  Such evidence must consist of facts which are material, meaning that they create fair doubt rather than encourage mere speculation. Anderson, supra, at 248.

Summary judgment is proper only "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." Matsushita, supra, at 587. "Where the record as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Id. citing First Ntl. Bank of Ariz. v. Cities Service Co., 391 U.S. 253, 289 (1968).  See Miller v. Fed. Deposit Ins. Corp., 906 F.2d 972, 974 (4th Cir. 1990).  Although any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion, where, the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate. Matsushita, supra, at 587-88. Anderson, supra, at 248-49.

## IV.    ANALYSIS

Pursuant to Bivens, a federal agent may be found liable for actions "in excess of the authority delegated to him." 403 U.S. at 397.  "The purpose of *Bivens* is to deter individual federal officers from committing constitutional violations." Malesko, 534 U.S. at 70. The Supreme Court further explained in Malesko:

> If a federal prisoner in a BOP facility alleges a constitutional deprivation, he may bring a *Bivens* claim against the

14

offending individual officer, subject to the defense of qualified immunity. The prisoner may not bring a *Bivens* claim against the officer's employer, the United States, or the BOP. With respect to the alleged constitutional deprivation, his only remedy lies against the individual.

534 U.S. at 72.

Plaintiff has named as defendants: the last three Attorneys General of the United States[10], Jeff[erson] Sessions ("Sessions"), Loretta Lyn[ch] ("Lynch"), and Eric Holder ("Holder"); a former[11] Bureau of Prisons ("BOP") director, Charles M. Samuels, Jr. ("Samuels"); the Desegregation Center and Computation Center ("DSCC"); three individuals who work for the Mid-Atlantic Region of the BOP, Regional Director C. Eichelaub, Regional Counsel Matthew W. Mellady, and Deputy Regional Counsel Zachary Ketton; and eight individuals at USP Hazelton, Warden Terry O'Brien[12], Complex Captain John Gilley, Correctional Officer ("CO") McGregg, CO Allison, CO Brady, CO Joe Doe, Chief Dental Officer M. Wiener, and Unit Counselor Lotspeich.

## A.    Improper Defendant: Governmental Agency

The DSCC is not a proper party in a <u>Bivens</u> action.  In <u>FDIC v. Meyer</u>, 510 U.S. 471, 486 (1994), the Supreme Court held that <u>Bivens</u> claims may not be brought against

---

[10]  Sessions served as the Attorney General from February 9, 2017 until 2018. https://www.justice.gov/ag/bio/attorney-general-jeff-sessions.
Lynch served as the Attorney General from April 27, 2015 until 2017. https://www.justice.gov/ag/bio/attorney-general-loretta-e-lynch.
Holder served as the Attorney General from February 3, 2009 until 2015.  Holder resigned his position before Petitioner initiated this case, and before the actions he complains about occurred. https://www.justice.gov/ag/bio/attorney-general-eric-h-holder-jr.

[11]  Samuels retired from the BOP effective January 9, 2016, before this action was commenced. https://www.al.com/news/birmingham/index.ssf/2015/12/outgoing_federal_prisons_chief.html

[12]  O'Brien retired in 2016, before this action was commenced. https://www.usnews.com/news/best-states/west-virginia/articles/2018-05-29/longtime-warden-named-to-lead-west-virginia-parole-board.

a federal agency, and that federal agencies may not be held liable in a <u>Bivens</u> claim. Because the DSCC is improperly named as a defendant in a <u>Bivens</u> actions, the complaint must be dismissed with prejudice as to that defendant.

Although the BOP was not named as defendant, Plaintiff repeatedly refers to the "Defendant(s) (AKA The Federal Bureau of Prisons)".  ECF No. 25-1 at 7 ¶ 32, 8 ¶ 36, 10 ¶¶ 41, 42.  To the extent that Plaintiff intended to name the BOP as a defendant by naming the DSCC, a subsidiary agency of the BOP, such a claim would fail under the holdings of <u>FDIC v. Meyer</u> and <u>Malesko</u>.  Those cases clearly state that a prisoner may not bring a <u>Bivens</u> claim against an agency generally, or the BOP specifically.  Similarly, Plaintiff repeatedly refers to the United States of America as a defendant[13], although the United States was not named as a party to this action.  ECF No. 25-1 at 5 ¶ 23, 6 ¶ 24, 9 ¶ 39. Again, to the extent that Plaintiff intended to name the United States as a defendant, such a claim would fail under the holding of <u>Malesko</u> which unequivocally states "[t]he prisoner may not bring a *Bivens* claim against [ ] the United States."  534 U.S. at 72.

Accordingly, this Court recommends that Plaintiff's claims against the DSCC be dismissed with prejudice.

## B.    Failure to State a Claim

A <u>Bivens</u> cause of action can only be brought against an individual actor who is a federal employee or agent, and specific allegations must be brought against each named

---

[13]  Plaintiff also refers to the United States of America as a Respondent.  ECF No. 25-1 at 1 ¶ 4, and 2 ¶ 5.  The Court notes that in the initial FTCA complaint [ECF No. 1] the United States of America was the only named defendant, however, the United States was not named as a party to this <u>Bivens</u> action [ECF No. 25].

actor.   Further, in a <u>Bivens</u> case, the Plaintiff must specify the acts taken by each defendant which violate his Constitutional rights.  <u>Wright v. Smith</u>, 21 F.3d 496, 501 (2nd Cir. 1994); <u>See</u> <u>Colburn v. Upper Darby Township</u>, 838 F.2d 663, 666 (3rd Cir. 1988) ("section 1983 claims[14] [have] the additional pleading requirement that the 'complaint contain a modicum of factual specificity identifying the particular conduct of defendants that is alleged to have harmed the plaintiffs'").

Even construing Plaintiff's pleading liberally, he fails to state a claim upon which relief can be granted.  "While the courts liberally construe *pro se* pleadings as a matter of course, judges are not also required to construct a party's legal arguments for him."  <u>Small v. Endicott</u>, 998 F.2d 411, 417–18 (7th Cir. 1993) (internal citation omitted).

### 1.    Defendants against whom no claim is articulated.

Plaintiff names a number of Defendants against whom he makes no factual allegations of wrongdoing, including Sessions, Lynch, Holder, Samuels, Eichenlaub, Mellady, Ketton, O'Brien and Gilley.  In regard to these Defendants, Plaintiff has failed to comply with the Federal Rules of Civil Procedure requirement that only, "'a short and plain statement of the claim  showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'"  <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555.   Plaintiff fails to make any factual allegations of a violation of his civil rights by any of these Defendants.  To the extent that Plaintiff names these Defendants as individuals with supervisory responsibility for the

---

[14]  The Court notes that <u>Bivens</u> actions and § 1983 actions are both civil rights actions, and that <u>Bivens</u> actions regarding deprivation of civil rights are the federal counterpart to state actions authorized by 42 U.S.C. § 1983.

Defendants whom Plaintiff alleges violated his civil rights, the Defendants with supervisory responsibility are immune from liability.

Three Defendants, Sessions, Lynch, and Holder, as Attorneys General of the United States, and Samuels, Director of the BOP, none of whom Plaintiff alleges had any contact with him directly, had, at most, only supervisory responsibility for acts of their subordinates who had contact with Plaintiff. However, "Government officials may not be held liable for the unconstitutional conduct of their subordinates." Ashcroft v. Iqbal, supra, 556 U.S. at 676. Plaintiff identifies supervisory officials as the defendants in this case, without stating how those Defendants violated his civil rights. Nor does Plaintiff claim that these supervisory officials violated his constitutional rights through the exercise of supervisory authority over subordinate employees.

As noted above, vicarious liability under the theory of respondeat superior is inapplicable to Bivens actions. Id. Bivens claims are brought against individual federal actors for their own acts. However, Plaintiff has failed to articulate any violation of his Constitutional rights by Sessions, Lynch, Holder or Samuels. Further, Plaintiff failed to allege that those named supervisory officials took any action which violated his Constitutional rights. Consistent with the holdings of the United States Supreme Court, it is clear that the Plaintiff fails to present a claim upon which relief can be granted as relates to Defendants Sessions, Lynch, Holder or Samuels. Because Plaintiff can prove no set of facts which would entitle him to relief, he fails to state a claim upon which relief may be granted as to those Defendants, who should be dismissed from this action with prejudice.

Further, Plaintiff makes no factual allegations against Eichenlaub, Mellady, and Ketton, who work for the BOP Mid Atlantic Regional Office ("MARO") in Annapolis

Junction, Maryland.   Those three Defendants are subordinates[15] of the Director of Prisons.  Because no violation of Plaintiff's civil rights by Eichelaub, Mellady or Ketton was alleged by Plaintiff, those Defendants are properly dismissed from this action with prejudice based on Plaintiff's failure to state a claim upon which relief may be granted.

Plaintiff also fails to state a claim against Warden O'Brien or Complex Captain Gilley.  Although both are named as Defendants, Plaintiff fails to make specific allegations against these Defendants regarding how they violated his Constitutional rights.  Further, Plaintiff fails to claim that O'Brien or Gilley violated his civil rights through the actions of their subordinates.

Finally, Plaintiff named Joe Doe 1, Weiner and Lotspeich as Defendants, but failed to asserts any claims of wrongdoing by those Defendants.  Although Plaintiff alleged that four federal agents or correctional officers violated his civil rights, he did not name Joe Doe 1 as one of the federal agents or correctional officers who committed such violations.  Further, Plaintiff fails to allege that Weiner or Lotspeich committed any violation of his civil rights.   Because no violation of Plaintiff's civil rights by Joe Doe 1, Weiner or Lotspeich was alleged by Plaintiff, those Defendants are properly dismissed from this action with prejudice based on Plaintiff's failure to state a claim upon which relief may be granted.

A review of the complaint pursuant to 28 U.S.C. § 1915A(b), reveals that Plaintiff fails to present a claim upon which relief can be granted as to Sessions, Lynch, Holder, Samuels, Eichelaub, Mellady, Ketton, O'Brien, Gilley, Joe Doe 1, Weiner and Lotspeich. Accordingly, those Defendant should be dismissed from this action with prejudice.

---

[15] Samuels, as Director of the BOP, cannot be held liable for acts of subordinates, when those subordinates are not alleged to have committed any wrongdoing.

### 2.      Defendants against whom a claim is articulated.

Plaintiff asserts a number of claims in his "Attached Complaint" [ECF No. 25-1], however, even when those claims are directed to named Defendants, Plaintiff still fails to present a claim upon which relief may be granted.   Among other general claims of wrongdoing, Plaintiff articulated eleven claims in three categories in his Bivens complaint.

### a.      Denial of prisoner's access to the courts.

Plaintiff asserts one claim which may be liberally construed as denying him access to the courts.  Plaintiff asserts that on May 28, 2014, four[16] federal agents:

> took and destroyed all of Dickson's address[es] and court addresses so that Dickson could not contact his family, friends and the Courts and notify them of Dickson's change of address.   This is a direct violation[ ] of Dickson's First Amendment rights and Dickson's Constitutional rights, Federal Bureau of Prisons Policy, Code of Federal Regulations.

ECF No. 25-1 at 7, ¶ 28.

Two of the three named federal agents or correctional officers named by Plaintiff in this claim, McGregg and Allison were never personally served with process.  The Summons issued to McGregg was returned as unexecuted on June 5, 2018.  ECF No. 79.  The Summons issued to Allison was returned as unexecuted on August 27, 2018. ECF No. 100.  Further, the Summons issued to Joe Doe 1 was returned as unexecuted on June 5, 2018.  ECF No. 80.

---

[16]  Again Plaintiff refers to "four" federal agents, although he names only three, McGregg, Allison and Brady.  ECF No. 25-1 at 6 - 7, ¶ 28.

Defendants McGregg, Allison and Doe are or were federal agents or correctional officers at USP Hazelton.   Accordingly, Plaintiff was required to serve Defendants pursuant to Federal Rule of Civil Procedure 4(i)(3) which provides:

> ***Officer or Employee Sued Individually.*** To serve a United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf (whether or not the officer or employee is also sued in an official capacity), a party must serve the United States and also serve the officer or employee under Rule 4(e), (f), or (g).

To effectuate service under Federal Rule of Civil Procedure 4(e), Plaintiff could have served Defendants by:

> **(1)** following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
> **(2)** doing any of the following:
>> **(A)** delivering a copy of the summons and of the complaint to the individual personally;
>> **(B)** leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>> **(C)** delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

The return of service for McGregg contains a notation that "Per executive assistant at USP Hazelton [there is] no such employee in the Bureau of Prisons."  ECF No. 79 at 3.   The return of service for Doe contains a notation that "Unable to serve due to lack of information."  ECF No. 80 at 3.  The return of service for Allison contains a notation that "Defendant [is] no longer employed by BOP [and] no other address is available."  ECF No. 100 at 2.

Accordingly, because Plaintiff failed to serve process upon McGregg, Allison or Doe as required by the Rules of Civil Procedure, the undersigned recommends that Defendants' motion to dismiss be granted, and McGregg, Allison and Doe be dismissed with prejudice for such failure to effectuate service.

The Summons issued to Brady was executed on June 5, 2018.  ECF No. 83.  To the extent that Plaintiff asserts a claim that he was denied access to the Courts by Brady, he fails to make specific allegations and identify an actual injury resulting from official conduct.  Cochran v. Morris, 73 F.3d 1310, 1317 (4th Cir. 1996).  "A showing of injury is required in order to avoid adjudication of trivial claims of deprivation."  Id.  Plaintiff has failed to identify such an injury.  A review of PACER shows that not including his criminal prosecution, Plaintiff has been an active litigant, with twenty-five cases, including the instant case, either filed or pending in the United States Appellate and District Courts since 2010.  Three of those cases were initiated in 2014, the time when Plaintiff claims he was denied access to the Courts.  Those cases are: (1) Dickson v. United States, in the District of Columbia District Court, case number 1:14-CV-243, a § 1983 civil rights action seeking $9,600,000.00 in damages; (2) Dickson v. United States, in the District Court for the Middle District of Pennsylvania, case number 1:14-CV-1784, a Bivens civil rights action filed at a time that some of the issues raised therein were on appeal before the United States Court of Appeals for the Third Circuit in that court's docket number 16-3942; and (3) Dickson v. Samuels, et al. in the District Court for the Western District of Oklahoma, case number 5:14-CV-1108, a federal question action, filed pursuant to 28 U.S.C. § 1331.

Because Plaintiff fails to identify any specific injury he suffered as a result of any actions of Brady, Plaintiff's claim should be dismissed with prejudice for failure to state a claim upon which relief may be granted.  The Court further recognizes that even if Plaintiff had articulated a specific injury, he must also demonstrate that he exhausted his administrative remedies prior to filing the instant action.  Although Plaintiff claims that he exhausted his administrative remedies, he fails to demonstrate such exhaustion by "briefly explain[ing] the steps taken" or by attaching "proof of exhaustion" as required by the Court-approved form.  ECF No. 25 at 11.

### b.      Failure to protect the prisoner claims.

Plaintiff asserts eight claims which may be liberally construed as claims of failure to protect him.

The first of those claims was asserted against the DSCC, an improper party in a Bivens action.  ECF No. 25-1 at 6 ¶ 24.  Because DSCC must be dismissed with prejudice from this action as an improper party, this claim is not considered further.

The second claim was asserted against three unnamed federal agents or correctional officers.  Id. at ¶ 25.  Because judges are not required to construct a party's arguments for him, this Court, even liberally construing Plaintiff's complaint, finds that Plaintiff failed to identify any specific federal actor who committed a violation of his civil rights, thus this claim fails for failure to state a claim upon which relief may be granted.

The third claim was asserted against four federal agents or correctional officers, although only three were named.  Id. at ¶ 27.  Plaintiff claimed that:

> On May 28, 2018, while Dickson was in a holding cell in the Special Housing Unit [ ] Dickson was constantly harass[ed] and assaulted by [ ] McGregg, Allison, Brady [during] his entire stay in the SHU . . . [in] direct violation of the Dickson's 1st and

> 8th and 14th Amendment Rights, violation of the Federal
> Bureau of Prisons policy, Federal Code of Regulations which
> clearly state[ ] that all incidents between staff and prisoner will
> be fully documented and investigated.

Plaintiff again failed to provide a short and plain statement of specific actions committed by McGregg, Allison or Brady.  Rather he claims that he was "constantly harassed and assaulted" without providing any detail of what actions constituted harassment or assault. None of the named defendants, McGregg, Allison or Brady, were given sufficient notice of what the claim is and the grounds upon which it rests, as required by Twombly. Moreover, McGregg and Allison were never served with process of suit.  Plaintiff fails to state a plausible claim which is based on cognizable legal authority, and accordingly, this claim fails for failure to state a claim upon which relief may be granted.

The fourth claim was asserted against an unnamed number of federal agents or correctional officers.  Id. at 7, ¶ 30.  Even liberally construing his pleading, Plaintiff failed to identify any specific federal actor who committed a violation of his civil rights, thus this claim fails for failure to state a claim upon which relief may be granted.

The fifth claim was asserted against "Defendant(s) (AKA the Federal Bureau of Prisons)", which was not named as a defendant, and which is an improper party in a Bivens action.  Id. ¶ 31.  Accordingly, Plaintiff failed to state a claim upon which relief may be granted, and this claim is not considered further.

The sixth claim was asserted against an unnamed number of federal agents or correctional officers.  Id. at 8, ¶ 33.  Even liberally construing his pleading, Plaintiff failed to identify any specific federal actor who committed a violation of his civil rights, thus this claim fails for failure to state a claim upon which relief may be granted.

24

The seventh claim asserted that Dr. Brown and "other federal agents/correctional officers" did nothing to stop or prevent Plaintiff's cellmate from making "physical threats" against Plaintiff.  Id. at 9, ¶ 37.  Plaintiff's claim against "other federal agents/correctional officers" fails to state a claim upon which relief may be granted, as Plaintiff fails to identify any specific federal agent who committed a violation of his civil rights, thus his claim against such unnamed federal agents fails.  Plaintiff's claim against Dr. Brown is that on June 9, 2014, Plaintiff wrote an inmate to staff request directed to Dr. Brown "concerning the physical threats that Dickson has been receiving" from his cellmate, but that Dr. Brown failed to protect Plaintiff.  Id.  Without determining whether Dr. Brown did or did not have any responsibility to protect the Plaintiff, the Court notes that Dr. Brown is not a named Defendant, and thus Plaintiff fails to state a claim upon which relief may be granted.

The eighth claim was asserted against the United States, which was not named as a defendant, and which is an improper party in a Bivens action.  Id. at ¶ 39.  Accordingly, this claim is not considered further.

### c.   Deliberate indifference to prisoner's serious medical needs.

Plaintiff asserts two claims which may be liberally construed as deliberate indifference to his serious medical needs.

First, Plaintiff claims that BOP[17], not a named defendant, refuses to facilitate a double knee replacement surgery.  ECF No. 25-1 at 9 – 10, ¶ 41.  Because the BOP is not a proper party, nor even a named defendant, even liberally construed, Plaintiff fails to state a claim upon which relief may be granted as to this allegation.

---

[17]  Plaintiff writes, "Defend[a]nts (AKA The Federal Bureau of Prisons) refuse to do anything about it!!"  ECF No. 25-1 at 10, ¶ 41.

Second, Plaintiff claims that the BOP and USP Victorville lost his dentures, resulting in difficulty eating.  Id. at 10, ¶ 42.  The entirety of this claim is:

> Dickson filed several dental sick call slips to be put on a soft diet, due to the fact that Dickson has no lower teeth to chew with, which makes it very hard to eat!!  Dickson asked and have ask[ed] at each institution he has been at since the defend[a]nts (AKA the Federal Bureau of Prisons, the United States Penitentiary-Victorville) lost Dickson's original bottom dentures made, which the Defend[a]nt(s) refuse to do!!!

ECF No. 25-1 at 10, ¶ 42.  Because neither the BOP nor USP Victorville is a proper party, nor even a named defendant, even liberally construed, Plaintiff also fails to state a claim upon which relief may be granted as to this allegation.

Accordingly, because Plaintiff has failed to state a claim upon which relief can be granted, this Court recommends that this matter be dismissed without prejudice.


## V.    RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Plaintiff's complaint be **DISMISSED WITH PREJUDICE**.  It is also recommended that Defendants' Motion to Dismiss, or, in the Alternative, for Summary Judgment [101] be **GRANTED**.

This Court further recommends that Plaintiff's Second Motion for Summary Judgment [ECF No. 106], Motion for Default Judgment [ECF No. 110] and Motion for Summary Judgment, or in the Alternative, Motion to Dismiss [ECF No. 112] be **DENIED**.

The Court further recommends that Plaintiff's motion styled "Emergency Refund of Excessive Filing Fees" [ECF No. 117] be **DENIED**.

Within fourteen (14) days after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections. Objections

shall identify each portion of the magistrate judge's recommended disposition that is being challenged and shall specify the basis for each objection.  Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.  A copy of any objections shall also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the District Court. The Clerk is directed to terminate the Magistrate Judge association with this case.

The Clerk of the Court is directed to send a copy of this Order to the Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet and to counsel of record via electronic means.

DATED:        January 23, 2019

/s/ James P. Mazzone
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE